
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **East Texas Machining &** | § | Case No. 23-60629 |
| **Manufacturing, LLC** | § | |
| EIN: xx-xxx3440 | § | |
| 13864 CR4196D | § | |
| Henderson, Texas, 75651 | § | |
| Debtor | § | Chapter 11 - Subchapter V |

| | | |
|---|---|---|
| | § | |
| East Texas Machining & | § | |
| Manufacturing, LLC | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 24-06043 |
| | § | |
| STV ENGINE 001, LLC, AXLE | § | |
| BOX INNOVATIONS, LLC & | § | |
| TEXAS TACTICAL MACHINING | § | |
| & MANUFACTURING, LLC, | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION

ON THIS DATE the Court considered the "Motion for Partial Summary Judgment" (the "Motion") filed on May 27, 2025 by Plaintiff, East Texas Machining & Manufacturing, LLC ("ETMM"), in the above-referenced adversary proceeding, together with the response filed by Defendant, STV Engine 001 LLC ("STV"). Upon due consideration of the pleadings, proper summary judgment evidence submitted by the parties, and the relevant legal authorities, the Court concludes that no genuine dispute of any material fact exists as to the grounds asserted by ETMM in its Motion. For the reasons explained below, the Motion is GRANTED.

# I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (K), and (O), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

# II. Facts and Procedure[1]

ETMM is a Texas Limited Liability Company which operates in the metal and firearm manufacturing industry.[2] STV loaned ETMM $500,000.00, ostensibly secured by a security interest in all of its personal property, inventory, and equipment.[3] Both parties signed a promissory note and a security agreement memorializing their agreement.[4]

To perfect its security interest, STV filed a UCC-1 financing statement with the Texas Secretary of State under filing number 20-0017723991 on May

---

[1] The Court's *Memorandum of Decision* relies on Local District Court Rule CV-56. This rule directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent to ensure that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

[2] *See* Case No. 23-60629, ECF No. 158, at 12 (Bankr. E.D. Tex.).

[3] Def.'s Resp., Ex. B, ECF No. 22-2.

[4] Def.'s Resp., Exs. C & D, ECF Nos. 22-3, 22-4.

13, 2020.[5] STV's financing statement incorrectly shows ETMM's name as "East Texas *Machine* & Manufacturing, LLC" instead of the name on ETMM's certificate of formation: "East Texas *Machining* & Manufacturing, LLC".[6] Searching the online records database of the Office of the Texas Secretary of State using ETMM's correct name fails to reveal STV's financing statement.[7]

ETMM filed its chapter 11, subchapter V petition on December 14, 2023.[8] STV filed a proof of claim in ETMM's bankruptcy case on January 8, 2024, which included a copy of its financing statement.[9] ETMM filed this proceeding against STV and the other Defendants on October 16, 2024.[10] ETMM filed summary judgment motion on May 27, 2025, and STV filed its response on June 24, 2025.[11]

### III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine dispute of a material fact. *Celotex*, 477

---

[5] Pl.'s Mot for Summ. J., Ex. 1, ECF No. 21-1.

[6] *Compare* Pl.'s Mot for Summ. J. Ex. 1 with Ex. 4, ECF Nos. 21-1 and 21-4 (emphasis added).

[7] *See* Pl.'s Mot for Summ. J., Ex. 2, ECF. No. 21-1.

[8] *See* Case No. 23-60629, ECF No. 1. (Bankr. E.D. Tex.).

[9] Def.'s Resp, at 4, ECF No. 22.

[10] ECF No. 1.

[11] Pl.'s Mot for Summ. J., ECF Nos. 21-22.

U.S. at 323.  How the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994).  "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).  "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must be resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed.  *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); *cf. F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged).  This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact.  *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989).  Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007).  The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## IV. Discussion

The rules governing the priority and perfection of security interests reward precision.  ETMM argues it is entitled to partial summary judgment because STV's security interest is "unperfected, invalid, and unenforceable," and therefore avoidable pursuant to 11 U.S.C. § 544(a).  STV is opposed, and frames the issue as whether the mistake in its financing statement is "seriously misleading," which STV says it is not.

11 U.S.C. § 544(a)(1) gives a debtor-in-possession the same status as a hypothetical creditor owning a judicial lien perfected on the bankruptcy petition date. *See In re Stanton*, 254 B.R. 357, 361 (Bankr. E.D. Tex. 2000); *see also* Norton Bankruptcy Law and Practice § 63:5 (3d ed.). Section 544(a)(1) states:

> The *trustee* shall have, as of the commencement of the case. . .the rights and powers of, or *may avoid any transfer of property of the debtor, or any obligation incurred by the debtor that is voidable* by: (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

11 U.S.C. § 544(a)(1) (emphasis added).[12] "This statutory power provides the [debtor-in-possession] with the ability to seek. . . priority over other claims and interests in property which remain unperfected as of the date of the commencement of the bankruptcy case." *Stanton*, 254 B.R. at 361.

"[W]hen determining the substance of property rights and security interests in bankruptcy, 'the basic federal rule is that state law governs.'" *In re Dale*, 582 F.3d 568, 573 (5th Cir. 2009) (quoting *Butner v. United States*, 440 U.S. 48, 57 (1979)); *Stanton*, 254 B.R. at 361. Texas law provides that an unperfected security interest is subordinate to the rights of a perfected judicial lien. *In re Stanton*, 254 B.R. at 361–62. This rule of Texas law has not changed since *Stanton* was decided. *See* Tex. Bus. & Com. Code § 9.317(a)(2)(A).[13] Texas law defines a "lien creditor" as including "a trustee in

---

[12] Although the term "trustee" appears in the statute, "trustee" includes "debtor-in-possession" in this context. *See* 11 U.S.C. § 1107(a) (providing that a debtor-in-possession has all the rights and powers of a trustee with specified limitations).

[13] While § 9.317(a)(2)(A) is relevant to the decision in this case, the full text of § 9.317(a) is as follows:

> (a) A security interest or agricultural lien is subordinate to the rights of:
>
> (1) a person entitled to priority under Section 9.322; and
>
> (2) except as otherwise provided in Subsection (e), a person that becomes a

bankruptcy from the date of the filing of the petition." Tex. Bus. & Com. Code § 9.102(52)(C). "Therefore, under Texas law, the moment [a] Debtor file[s] for bankruptcy, the [debtor-in-possession becomes] a lien creditor whose rights trump those holding unperfected security interests." *In re Jim Ross Tires, Inc.* 379 B.R. 670, 675 (Bkrtcy. S.D. Tex. 2007).

Texas law is clear that a financing statement is sufficient as to a registered organization if the name on the financing statement matches the registered organization's most recent public organic record stating or changing its name. *See* Tex. Bus. & Com. Code § 9.503(a)(1).[14] ETMM is a registered organization.[15] ETMM's certificate of formation filed in accord

---

> lien creditor before the earlier of the time:
>
> > (A) the security interest or agricultural lien is perfected; or
> >
> > (B) one of the conditions specified in Section 9.203(b)(3) is met and a financing statement covering the collateral is filed.

§ 9.317(e) pertains to purchase money security interests, and is not relevant to this case.

[14] The full text of § 9.503(a)(1) is:

> (a) A financing statement sufficiently provides the name of the debtor:
>
> > (1) except as otherwise provided in Subdivision (3), if the debtor is a registered organization or the collateral is held in a trust that is a registered organization, only if the financing statement provides the name that is stated to be the registered organization's name on the public organic record most recently filed with or issued or enacted by the registered organization's jurisdiction of organization that purports to state, amend, or restate the registered organization's name;

[15] Tex. Bus. & Com. Code § 9.102(71) reads:

> "Registered organization" means an organization formed or organized solely under the law of a single state or the United States by the filing of a public organic record with, the issuance of a public organic record by, or the enactment of legislation by the state or the United States. The term includes a business trust that is formed or organized under the law of a single state if a statute of the state governing business trusts requires that the business trust's organic record be filed with the state. The term includes a series of a registered organization if the series is formed or organized under the laws of a single state and the statute of the state governing the series requires that

**-6-**

with Texas law is a public organic record.[16] *See* Tex. Bus. Orgs. Code §§ 3.001 and 3.005.

In Texas, errors in a debtor's name may alter the effectiveness of a financing statement. *See* Tex. Bus. & Com. Code § 9.506.[17] If a financing statement is seriously misleading, it is ineffective. Unless a search of the financing statement records of the Office of the Texas Secretary of State finds the financing statement containing a debtor's erroneous name, the failure to follow the name requirements of § 9.503(a)(1) makes that financing statement seriously misleading.

Precedent supports the principle that parties must comply with financing statement name requirements because the lien filing system's purpose is to notify creditors of existing security interests, and "such errors may prevent a search from discovering the financing statement." *ITT Com.*

---

the public organic record of the series be filed with the state.

[16] Tex. Bus. & Com. Code § 9.102(68-a)(A) reads:

(68-a) "Public organic record" means a record that is available to the public for inspection and that is:

(A) a record consisting of the record initially filed with or issued by a state or the United States to form or organize an organization and any record filed with or issued by the state or the United States that amends or restates the initial record;

[17] In relevant part, Tex. Bus. & Com. Code § 9.506 provides:

(a) A financing statement substantially satisfying the requirements of this subchapter is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.

(b) Except as otherwise provided in Subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with Section 9.503(a) is seriously misleading.

(c) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with Section 9.503(a), the name provided does not make the financing statement seriously misleading.

*Fin. Corp. v. Bank of the W.,* 166 F.3d 295, 301 (5th Cir. 1999) (quoting *Nat'l Bank v. W. Tex. Wholesale Supply Co. (In re McBee)*, 714 F.2d 1316, 1321 (5th Cir. 1983); *see also In re EDM Corp.*, 431 B.R. 459, 466 (B.A.P. 8th Cir. 2010) (citing *In re Jim Ross Tires, Inc.* and finding that strict compliance with § 9.503 as adopted in another state is required to achieve perfection); *In re John's Bean Farm of Homestead, Inc.* 378 B.R. 385, 390 (Bankr. S.D. Fla. 2007) (finding that a financing statement is ineffective as a matter of law when a computer search under the debtor's correct name fails to reveal it); *In re Jim Ross Tires, Inc.*, 379 B. R. (Bankr. S.D. Tex. 2007) (finding a Texas financing statement seriously misleading and thus ineffective due to the omission of a single letter from the debtor's name).

ETMM's name on its certificate of formation is "East Texas *Machining* & Manufacturing." STV's financing statement incorrectly shows ETMM's name as "East Texas *Machine* & Manufacturing." Summary judgment evidence shows that a search of the financing statement records of the Office of the Texas Secretary of State under the incorrect name "East Texas Machine & Manufacturing" does not reveal STV's financing statement.[18] STV's financing statement does not meet the name requirements in Tex. Bus. & Com. Code § 9.503(a)(1), is seriously misleading under § 9.506(b), and is ineffective. Thereofre, STV's security interest is unperfected and avoidable under 11 U.S.C. § 544(a)(1).

## V. Evidence Objections

A summary judgment must be supported by evidence as required by Fed. R. Civ. P. 56(c).[19] "Unsubstantiated assertions, improbable inferences,

---

[18] Pl.'s Mot for Summ. J., Ex. 2, 3, and 5, ECF Nos. 21-3, 21-4, and 24-6.

[19] Rule 56(c) states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). STV raises two objections to Plaintiff's Exhibits 2, 3, and 5, stating only: "The Defendant, STV Engine 001, objects to the summary judgment evidence as follows: Exhibits 2, 3 and 5. Such Exhibits have not been authenticated and are hearsay."[20] The Court overrules these objections.

### A. Hearsay - Public Records Exception of Fed. R. Evid. 803(8)

STV's objections fail to specify which of Plaintiff's statements are inadmissable hearsay.[21] Fed. R. Evid. 103(a)(1) requires objections to be timely and specific, "unless [the reason for the objection] was apparent from the context." Fed. R. Evid. 103(a)(1). Another bankruptcy court overruled hearsay objections that failed to specify which statements in the relevant exhibits were allegedly inadmissable hearsay. *See In re MMA Law Firm*, 673 B.R. 174, 188 (Bankr. S.D. Tex. 2025). The Court in *In re MMA Law Firm* stated "[it] will not comb through the numerous exhibits submitted by [movants] to determine which statements should be struck based on [non-movant]'s generalized objections of hearsay." *See Id. citing In re Carmona*, 580 B.R. 690, 703 (Bankr. S.D. Tex. 2018)(bankruptcy court overruled hearsay objections in part for failing to specify which statements he found objectionable); *see also United States v. Trevino Chavez,* 830 F. App'x 425, 428

---

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

[20] Def.'s Resp. at 2, ECF No. 22.

[21] *Id.*

(5th Cir. 1991). STV's objection lacks this specificity, leaving the Court to assume that it is the entirety of Exhibits 2, 3, and 5 which are subject to the hearsay objection.

Even allowing for this assumption, STV's hearsay objections to Exhibits 2, 3, and 5 should be overruled because those exhibits fall within the Fed. R. Evid. 803(8) public-records exception to the general prohibition on the admission of hearsay evidence. Exhibits 2, 3, and 5 are search results from the financing statement records of the Office of the Texas Secretary of State. Exhibit 2 shows results of a "Debtor Name Search" using ETMM's correct legal name, "East Texas Machining and Manufacturing."[22] Exhibit 3 shows results of a "Debtor Name Search" using the incorrect name, "East Texas Machine and Manufacturing" listed on STV's financing statement.[23] Exhibit 5 lists the filing history associated with the name "East Texas Machining & Manufacturing."[24]

Hearsay is inadmissible unless an exception applies.[25] Fed. R. Evid. 803 lists specific exceptions to the general rule against hearsay which, if applicable, permit its admission into evidence. One such exception is for public records:

> A record or statement of a public office [is excepted from the rule against hearsay] if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the opponent does not show that the source of information nor or other circumstances indicate a lack of trustworthiness.

---

[22] Pl.'s Mot. for Summ. J., Ex. 2, ECF 21-3.

[23] Pl.'s Mot. for Summ. J., Ex. 3, ECF 21-4.

[24] Pl.'s Mot. for Summ. J., Ex. 5, ECF 21-6.

[25] *See* Fed. R. Evid. 802. Hearsay is defined as ". . .a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 803(8). The "[public records exception] embraces records in almost any form, including computer output, and reaches records of any public office or agency, state and local, federal and foreign." Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:86 (4th ed., July 2025 update). Considering this exception in the context of a criminal case, the Fifth Circuit wrote:

> Two principal reasons underlie this exception to the general rule excluding hearsay: the presumed trustworthiness of public documents prepared in the discharge of official functions, and the necessity of using such documents, due to the likelihood that a public official would have no independent memory of a particular action or entry where his duties require the constant repetition of routine tasks.

*United States v. Quezada*, 754 F.2d 1190, 1193 (5th Cir. 1985)[26]; *See also Managed Owners Group LLC v. Nationwide Gen. Ins. Co.*, No. 3:24-CV-1336-X, 2025 WL 1787171, at *3 (N.D. Tex. June 27, 2025) (finding government storm data to be within the public records exception because it makes "routine, objective observations, made as part of the everyday function of the preparing official or agency."); *and see generally*, 4 D. Louisell and C. Mueller, Federal Evidence, Public Records § 454;

    One Texas appellate court faced with a circumstance similar to this case wrote that "[v]arious courts interpreting Rule 803(8) and its federal counterpart have held that documents printed from government websites . . . qualify as public records excepted from the hearsay rule." *Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, 630 S.W.3d 530 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that screenshots of the United States Postal Service's website were excepted public records). Some federal courts have ruled similarly. *See United States v. Iverson*, 818 F.3d 1015, 1021 (10th Cir. 2016) (collecting cases for the proposition that "[s]everal courts have ruled that government websites fall within the exception for

---

[26] The Fifth Circuit wrote two years later that:

> The relevant inquiry under Rule 803(8) is whether the information was recorded by a public official as part of a routine procedure in a non-adversarial setting. *United States v. Puente*, 826 F.2d 1415, 1418 (5th Cir. 1987).

-11-

public records."); *Rychorcewicz v. Welltec, Inc.*, No. H-16-2, 2018 U.S. Dist. LEXIS 123512, at *17 (S.D. Tex. 2018) (collecting cases and stating that "District courts in the Fifth Circuit have regularly found that printouts from government websites come under the public records exception to the hearsay rule."); *Masuku v. Bank of Am., N.A.*, No. H-11-1443, 2012 WL 3528006, at *2, n.26 (S.D. Tex. Aug. 14, 2012) (documents printed from the United States Postal Service's website qualified as public records).

This Court sees no meaningful difference between these examples and a search result printed from the financing statement records of the Office of the Texas Secretary of State. Tex. Bus. & Com. Code § 9.501(a)(2) designates the Office of the Texas Secretary of State as the proper office for filing financing statements in Texas. As such, the Texas Secretary of State is under a legal duty to maintain those records and resulting search results. Furthermore, STV fails to raise any reason to doubt the trustworthiness of Exhibits 2, 3, or 5. STV's hearsay objections are overruled.

## B. Authentication

STV last objects that Exhibits 2, 3, and 5 are not authenticated.[27] To properly authenticate evidence, Federal Rule of Evidence 901(a) requires "the proponent [to] produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. The Fifth Circuit has explained that "the standard for authentication is not a burdensome one" and has characterized the proponent's burden as "low." *United States v. Ceballos*, F.3d 607, 618 (5th Cir. 2015) (quoting *United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011), and *United States v. Lundy*, 676 F.3d 444, 453–54 (5th Cir. 2012). The Fifth Circuit has also stated that the ". . .proponent may authenticate a document with circumstantial evidence, 'including the document's own distinctive characteristics and the circumstances surrounding its discovery.'" *McLain v. Newhouse* (*In re McLain*), 516 F.3d 301, 308 (5th Cir. 2008).

Exhibits 2, 3, and 5 each contain the name of the Texas Secretary of State, Jane Nelson, and the current internet address of her office's website.[28] The Court is familiar with the format and appearance of search results from

---

[27] Def.'s Resp. at 2, ECF No. 22.

[28] Pl.'s Mot. for Summ. J. Exs. 2, 3, and 5, ECF Nos. 21-3, 4 and 6.

the Office of the Texas Secretary of State, and Defendant gives no reason to think these exhibits are inauthentic or the product of generative artificial intelligence. The Court is thus satisfied that the totality of the circumstances indicate that ETMM has produced enough evidence sufficient to support finding that Exhibits 2, 3, and 5 are what ETMM states them to be. STV's authenticity objections are overruled.

## VI. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the Motion filed on May 27, 2025 by Plaintiff, East Texas Machining & Manufacturing, LLC, is GRANTED.

The Court finds that the purportedly perfected security interest of STV Engine 001, LLC in and to the property of ETMM, including as described in that certain UCC-1 financing statement filed on May 13, 2020 with the Texas Secretary of State under filing number 20-0017723991, is avoided pursuant to 11 U.S.C. 544(a)(1) such that the claim, if any, of STV Engine 001, LLC is unsecured.[29]

An separate order consistent with the memorandum of decision will be entered by the Court.

Signed on 1/29/2026

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[29] In addition, Plaintiff has objected to the amount of Proof of Claim No. 3 filed by STV Engine 001, LLC. *See* Case No. 23-60629, ECF No. 129. Whether some or all of the asserted amount of that claim should be allowed as an *unsecured* claim is not determined by this memorandum.